**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MANUEL A. SANTANA DEL ROSARIO,<br><br>Petitioner,<br><br>v.<br><br>J. BOHINSKI,<br><br>Respondent. | CIVIL ACTION NO. 3:25-cv-01973<br><br>(SAPORITO, J.) |

**MEMORANDUM**

Manuel A. Santana del Rosario, incarcerated at SCI-Dallas, has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Because he did not exhaust state court remedies as to any of the claims in the petition and has not established cause for a federal court to review these procedurally defaulted claims, the petition will be dismissed.

## I. STATEMENT OF THE CASE

On October 26, 2022, in the Court of Common Pleas of Schuylkill County, a jury convicted Rosario of two counts of aggravated assault and three related offenses. Rosario was sentenced to seven to 15 years' incarceration. *Commonwealth v. Rosario*, No. CP-54-CR-0000320-2022 (Schuylkill Cty. Ct. Com. Pl.). As summarized by the trial court and

adopted by the Pennsylvania Superior Court on appeal, the case involved a dispute between Rosario and Edwin Candelario, to whom Rosario owed money, at Rosario's home:

> Upon their entry into the home, [Rosario] placed $50.00 on a table for Candelario to retrieve. Candelario picked up the money and he and his girlfriend left the home. However, [Rosario] followed Candelario and his girlfriend to their vehicle where he made a comment to Candelario's girlfriend which annoyed Candelario. The latter told [Rosario] that if he needed to say something it should be said to Candelario. [Rosario] then asked Candelario to come back into his home so they could finish talking.
>
> Candelario agreed, and he and his girlfriend re-entered [Rosario's] home, whereupon [Rosario] pulled out a gun, stuck it in Candelario's face, grabbed Candelario by the neck, and told him to sit down. Candelario sat on a couch, with his girlfriend sitting next to him. [Rosario] sat in a chair directly in front of Candelario with the gun in his hand. Candelario asked [Rosario] what the problem was, and why [Rosario] had a gun pointed at him. Candelario told [Rosario] that they could just forget "about this," and that "this never happened."
>
> [Rosario] responded in Spanish, "Rat," and told Candelario to get on his knees. Candelario got on his knees on the floor. [Rosario] then told Candelario to put his hands on his head, which he did. Candelario was then hit on the head by [Rosario], and he fell toward his girlfriend's lap. As Candelario was trying to return to his original position, [Rosario] threw a punch at Candelario's face with his fist. Candelario blocked the punch, got up and hurried to the front door of the

> premises in an effort to exit the house. Candelario found that the front door was locked. As Candelario was trying to unlock the door, he was shot once in the arm and once in [the] area of the rib cage by [Rosario].
>
> . . .
>
> Investigating police officers who examined the scene of the shooting identified bullet strikes to the inside of the door to [Rosario's] home, and interviewed [Rosario] and his wife who had been present at the time of the shooting. [Rosario] admitted at trial that he had shot Candelario, and that he had ordered Candelario to get on his knees at gunpoint. However, [Rosario] claimed that he would not have shot Candelario if [Candelario] had allowed [Rosario] to search him for weapons, [if Candelario] had not hit [Rosario] as he was getting up from the floor when [Rosario] had the gun pointed at Candelario, or if Candelario had not reached toward his pocket as he was trying to get out of the front door. No evidence produced at trial indicated that Candelario possessed any weapon the day of the shooting.

*Commonwealth v. Rosario*, No. 1737 MDA 2022, 2023 WL 8666645, at *1-2 (Pa. Super. Ct. 2023). On direct appeal, Rosario raised three issues:

> 1. Did the Commonwealth fail to establish sufficient evidence to support a conviction for the charge of aggravated assault?
>
> 2. Did the court err by imposing an aggravated range sentence without considering the mitigating circumstances raised in the pre-sentence report and by [Rosario]?
>
> 3. Did the charges of recklessly endangering arise from the same event as the aggravated assault for

> sentencing purposes and should a separate sentence not have been imposed?

*Id.* at *2. The Superior Court affirmed Rosario's conviction on December 15, 2023, and the record does not indicate that he sought review by the Pennsylvania Supreme Court.

Rosario then filed a *pro se* petition seeking collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). *See* (Doc. 9-3). The court appointed counsel for Rosario, and counsel filed an amended petition limited to the question of whether a statement Rosario made to police was voluntary. The trial court denied the petition on July 12, 2024. Rosario appealed to the Superior Court, attempting to raise the following issues:

> 1. Whether trial counsel was ineffective for failing to call character witnesses during [Rosario's] trial?
>
> 2. Whether trial counsel was ineffective for failing to file a pretrial motion seeking to suppress [Rosario's] pre-arrest confession?

*Commonwealth v. Rosario*, No. 1074 MDA 2024, 2025 WL 1952577, at *2-4 (Pa. Super. Ct. 2025).[1] The court determined that both issues had been

[1] While his PCRA appeal was pending before the Superior Court, Rosario filed a habeas petition in this court, which was dismissed without prejudice because it was a "mixed" petition presenting both exhausted

*(continued on next page)*

waived because Rosario had failed to adequately explain or develop them and affirmed on that basis on July 16, 2025. *See id.* at 5-6.

When the Court received this *habeas corpus* petition[2] on October 20, 2025, Rosario's petition for allowance of appeal to the Pennsylvania Supreme Court remained pending as to his PCRA petition. The respondent sought dismissal for Rosario's failure to exhaust his claims. (Doc. 9). However, on January 26, 2026, while this habeas petition was pending, the Pennsylvania Supreme Court denied review of Rosario's PCRA petition. *Commonwealth v. Rosario*, 353 A.3d 543 (Pa. 2026).

**A. Habeas Claims Presented**

Rosario asserts the following grounds for relief[3]:

---

and unexhausted claims. *See Rosario v. Bohinski*, No. 3:24-cv-01814 (M.D. Pa., filed Oct. 22, 2024).

[2] Contemporaneously with this case, Rosario also filed a civil rights complaint in which he sought release from state custody premised on his allegedly wrongful conviction. The assigned magistrate judge has recommended dismissal of that complaint. *See Rosario v. Rantschler*, No. 3:25-cv-01982 (M.D. Pa.).

[3] After filing this petition, Rosario submitted a series of additional filings that allude to a wide variety of perceived issues with his criminal case. *See* (Docs. 7, 11, 12, 14, 15). Although we have reviewed and considered these filings, Rosario is not permitted to use them to add new claims to his petition on a rolling basis. His grounds for relief are limited

*(continued on next page)*

- (1) "Police violation of *Miranda* right, improperly search without warrant suppress evidence and intechnical [sic] filed and improper complaint";

- (2) "Admissibility of criminal record and impeachment by evidence of a criminal conviction involved dishonesty";

- (3) "Lack of character evidence";

- (4) "Due process malicious prosecution conspiracy allegation, hate crime from police department, claim bias against me intentionally."

## II. LEGAL STANDARDS

A federal court may not grant relief on habeas claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,'

---

to those properly pled in the petition. *See Castillo v. Fisher*, No. 3:14-CV-00418, 2017 WL 7360427, at *15 (M.D. Pa. Apr. 11, 2017), report and recommendation adopted, 2018 WL 701857 (M.D. Pa. Feb. 2, 2018); Rule 2(c), 28 U.S.C. foll. § 2254 ("The petition must . . . specify all the grounds for relief.").

provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *see also Eley v. Erickson*, 712 F.3d 837, 846 (3d. Cir. 2013). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 411; *see also Eley*, 712 F.3d at 846. Moreover, any factual findings by the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013); *Eley*, 712 F.3d at 846.

Subject to limited exceptions, the petitioner must first exhaust all claims in state court. *See* 28 U.S.C. § 2254(b),(c). A state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate

review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim has been exhausted when it has been "fairly presented" to the state court, meaning that it has been addressed on the merits. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner bears the burden of proving exhaustion of all available state remedies. *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (citing § 2254(b)). In that case, the court can consider the petition only if the petitioner shows "cause and prejudice" for the default or that a "fundamental miscarriage of justice" will result if the court does not consider the merits. *Coleman v. Thompson*, 501 U.S. 722, 724 (2012). "Cause and prejudice" means that (1) "some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule," and (2) the errors at trial worked to the defendant's "actual and

substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 488, 494 (1986) (quotation and emphasis removed). A fundamental miscarriage of justice is a constitutional error that has "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## III. DISCUSSION

### A. "Motion for Discovery" (Doc. 13)

As a preliminary matter, Rosario requests that the respondent be ordered to produce "all discovery material," trial court transcripts, minute entries, exhibits, and "investigative reports" from his criminal case. (Doc. 13).

A party can be authorized to conduct discovery in a habeas case for "good cause." *See* Rule 6(a), 28 U.S.C. foll. § 2254. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). As described below, Rosario has not presented "specific allegations"

suggesting his entitlement to relief, nor does he explain how the items he is requesting would support his claims. Further, the Court would be unable to consider "discovery material" or "investigative reports" that are not already in the state court record. *See Shinn v. Ramirez*, 596 U.S. 366, (2022); 28 U.S.C. § 2254(e)(2). Accordingly, this motion will be denied.

**B. Ground 1**

Rosario's first ground for relief is difficult to parse, but he describes it as follows:

> The police in the interrogation we have a language barrier. Also I was in disturb[ed] psychological condition to relate what happened. And made improper search without warrant . . . [illegible] . . . exculpatory evidence that proved my [ ] victim was the first aggressor with *ex parte* investigation and reversible error and hate crime too[k] place in my case[.]

(Doc. 1 at 6). Rosario does not clearly explain how these circumstances resulted in a decision that violated federal law or relied on an unreasonable determination of the facts, nor were any of these potential claims exhausted in the state courts.

Rosario may have intended to assert a claim of ineffective assistance of counsel, based on trial counsel's failure to file a motion to suppress the statement Rosario gave to police. Rosario pursued this claim

in his counseled PCRA petition, arguing in part that he had not fully understood the situation because an interpreter had not been present. The PCRA court rejected the claim, finding that *Miranda* warnings were given to Rosario in both English and Spanish; that Rosario adequately understood English; that Rosario had not presented any evidence that his statement to police was involuntary; and that Rosario had not explained how this allegedly involuntary statement differed in substance from his own, voluntary testimony on the same topics at trial. *See* No. 24-cv-01814, (Doc. 2-1 at 2-10).[4] On appeal, the Superior Court deemed the issue waived, because Rosario's argument on appeal consisted of a "boilerplate discussion . . . with no supporting argument or legal authority." 2025 WL 1952577, at *6. Rosario identifies no error in these findings by the state courts.

Because the Superior Court deemed the issue waived for Rosario's failure to develop it, the claim is procedurally defaulted and a federal habeas court cannot review it. *See Leake v. Dillman*, 594 F. App'x 756, 758-59 (3d Cir. 2014); *Arias v. Superintendent, SCI Fayette*, No. 3:21-CV-

[4] We occasionally refer to the record of Rosario's prior petition, Case No. 24-cv-01814 (M.D. Pa., filed Oct. 15, 2024), because it contains a fuller record of the state court proceedings.

0978, 2024 WL 3540990, at *16 (M.D. Pa. July 25, 2024). In his discussion of this claim, Rosario asserts that his direct appeal counsel "never talk[ed] to [him] and le[ft him] in the dark" (Doc. 1 at 6), but vague allegations of error by his direct appeal counsel would not establish cause and prejudice as to a claim he raised in a PCRA petition. *See*, *e.g.*, *Norris v. Brooks*, 794 F.3d 401, 404-06 (3d Cir. 2015). Accordingly, Rosario is not entitled to habeas relief on this ground.

**C. Ground 2**

Rosario's second claim, liberally construed, is that evidence of the victim's criminal record and "dishonesty or false statement[s]" should have been introduced to "prove the . . . violent propensities of the victim to show that the victim was in fact the aggressor." *See* (Doc. 1 at 7-8). Rosario does not say whether he claims attorney error for failure to introduce such evidence or challenges a decision of the trial court to exclude it. Regardless, this claim is also unexhausted. It was not among the issues presented to the Superior Court on direct or collateral appeal. For the reasons described in relation to Ground 1, *supra*, Rosario has not shown cause and prejudice for the Court to examine this procedurally

defaulted claim.[5]

**D. Ground 3**

In his third ground, Rosario contends that trial counsel was ineffective for failing to introduce testimony from his "pastor and church member[s]" that would have spoken to his "good and loving character." In his traverse, he lists the names and phone numbers of six individuals he claims could have been witnesses. *See* (Doc. 11 at 5). This claim was deemed waived by the PCRA court for Rosario's failure to properly assert and develop the claim.[6] On appeal, the Superior Court affirmed, adopting the reasoning of the PCRA court:

> With respect to the issue of trial counsel's alleged

---

[5] Although these issues were not raised in the counseled PCRA petition, it appears that Rosario sought to make an argument about the victim's criminal record through a *pro se* motion he filed just before the PCRA hearing. At the hearing, Rosario's appointed counsel acknowledged the motion. Counsel explained that he would not be presenting evidence on that issue because he believed any such claim was without merit, based on the victim's own testimony about his criminal history at trial. *See* No. 24-cv-01814, (Doc. 15-1 at 532-33, 810-813). This forecloses any claim that procedural default could be excused based on any alleged ineffectiveness of PCRA counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012).

[6] The record does not clearly explain why the PCRA court addressed this claim, given that it was not raised in Rosario's *pro se* PCRA petition or the counseled amended petition, nor explicitly discussed at the PCRA hearing. However, this ambiguity does not change the result.

> ineffectiveness in failing to present character witness testimony, it is noted that at the June 19, 2024 [PCRA] hearing, [PCRA] counsel initially informed the court that he was only pursuing the suppression issue, and, at the end of the hearing posed no objection to the court's having considered all other issues waived. Further, at the aforesaid hearing, [Appellant] presented no evidence in support of his current character witness complaint. Consequently, the issue has been waived. Pa.R.A.P. 302(a) (issue not raised in trial court waived, and cannot be raised first time on appeal).
>
> As a result, it is not known who, if anyone, [Appellant] could have presented at trial to offer such testimony, if such person(s) would have been available and willing to offer character testimony at trial, or if any such alleged evidence would have qualified as character evidence, and been admissible as such.

*See* 2025 WL 1952577, at *5 (record citations omitted). The state courts' determination that the issue was waived for Rosario's failure to develop it in the trial court forecloses federal review of this claim. *See Thomas v. Sec'y, Pennsylvania Dep't of Corr.*, 495 F. App'x 200, 205 (3d Cir. 2012); *Troutman v. Overmyer*, No. 2:14-CV-1592, 2015 WL 1808640, at *2 (E.D. Pa. Apr. 21, 2015).

We have considered whether procedural default could be excused pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), based on ineffectiveness by PCRA counsel in pursuing this claim. This would require that the

underlying ineffective assistance of counsel claim had "some merit," and that PCRA counsel was himself ineffective under the standards described in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Workman v. Superintendent Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019) (citing *Martinez*, 566 U.S. at 9).

In this case, Rosario's underlying ineffective assistance claim lacks merit because he has not shown a "reasonable probability" that this character evidence would have affected the outcome of the trial. *See Strickland*, 466 U.S. at 693-94. Rosario still has not described what, specifically, he believes the witnesses would have said; shown that this testimony would have been admissible; or substantiated his claims that they were available and willing to testify. For the same reasons, Rosario has not shown that PCRA counsel was ineffective for failing to pursue this claim. A petitioner does not present a "substantial" ineffective assistance claim by resting on general allegations that additional witnesses could have testified to their "good character."[7]

[7] *See, e.g., Hess v. Wetzel*, No. 3:20-CV-2118, 2023 WL 7170640, at *5-6 (M.D. Pa. Oct. 31, 2023); *Karngbaye v. Harry*, No. 21-CV-5667, 2023 WL 10409515, at *10 (E.D. Pa. May 30, 2023) (vague descriptions of potential testimony about a defendant's "reputation of peacefulness"

*(continued on next page)*

**E. Ground 4**

Rosario describes his fourth and final ground as follows:

> The police depar[tment left] evidence behi[nd] like my back broken door[. T]he suppress[ed] evidence and impeachment for dishonesty or false statement of my alleged victim offer of proof taking notice of plain [error] rules. This case was entrapment and legal protection of fundamental right[.] I am legal[ly innocent].

(Doc. 1 at 10). None of the potential claims referenced in this description were exhausted, and for the reasons described above, Rosario has not established cause and prejudice to permit a federal habeas court to address them. Although Rosario repeats his claim that his appellate counsel "le[ft him] in the dark," he has not explained how he was a victim of "entrapment" or how any allegedly missing evidence would have affected the outcome of the trial.

## IV. CONCLUSION

Because none of Rosario's asserted grounds for relief have been presented in "one complete round of the state's established appellate

---

would not excuse procedural default), report and recommendation adopted, 2024 WL 1143485 (E.D. Pa. Mar. 15, 2024); *Clark v. Glunt*, No. CIV.A. 12-623, 2013 WL 6047493, at *7 n.16 (E.D. Pa. Nov. 15, 2013) ("very general statements regarding [the defendant's] character" would not have affected the outcome of the trial).

review procedures," *O'Sullivan*, 526 U.S. at 845, his petition must be dismissed for lack of subject matter jurisdiction. No certificate of appealability will issue, because Rosario has not demonstrated a substantial showing of the denial of a constitutional right, and jurists of reason would not debate the dismissal of this case on procedural grounds. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). An appropriate order follows.

Dated: August 7, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge